CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

04/16/2018

JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| TONIA WOODSON NEWTON, *ET AL.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> BENEFICIAL FINANCIAL I, INC., *ET AL.*, <br><br> *Defendants.* | CASE NO. 3:16-CV-00058 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

  As will become important, this case started its journey in the Western District with Judge Conrad. (Dkt. 1). It was transferred to me on December 15, 2017. (Dkt. 87). At that time, motions to amend the complaint, to compel discovery, and for summary judgment were pending. On February 16, 2018, the Court entered an order denying the motion to amend the complaint, denying the motion to compel discovery, and granting the defendants' motions for summary judgment. (Dkt. 96). The plaintiffs filed motions for reconsideration of the orders denying the motion to compel and granting summary judgment on March 19, 2018. (Dkts. 98 & 100). They filed a notice of appeal later that same day. (Dkt. 102).

  A threshold question concerns this Court's jurisdiction to entertain the motions for reconsideration. "Generally, a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal." *Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir.2014). However, in *Fobian v. Storage Technology Corp.*, 164 F.3d 887 (4th Cir.1999), the Fourth Circuit Court of Appeals set out a limited exception for matters "in aid of the appeal."

> [W]hen a Rule 60(b) motion is filed while a judgment is on appeal, the district court has jurisdiction to entertain the motion, and should do so promptly. If the district court determines that the motion is meritless, as experience demonstrates is often the case, the court should deny the motion forthwith; any appeal from the denial can be consolidated with the appeal from the underlying order. If the

> district court is inclined to grant the motion, it should issue a short memorandum so stating. The movant can then request a limited remand from this court for that purpose.

*Id.* at 891. Accordingly, the Court has limited jurisdiction to entertain the plaintiffs' motions during the pendency of the appeal.

The Court held the motion to compel was denied by operation of Judge Conrad's scheduling order, which required the plaintiffs to schedule a hearing or advise the Court that the motion was ripe for decision within 45 days of filing that motion. (Dkt. 52 at ECF 3; dkt. 62 at ECF 3; *see also* Local Rule 11(b) ("[A] motion is deemed withdrawn if the movant does not set it for hearing (or arrange to submit it without a hearing) within 60 days after the date on which the motion is filed.")). The motion had been filed during discovery, but had never been heard, and the defendants filed motions for summary judgment. The defendants represented "Plaintiffs never noticed [the motion] for a hearing." (Dkt. 84). When the case was transferred, the defendants also submitted a letter indicating they believed the dispute to be resolved and providing citations to the documents that had been produced. (Dkt. 90). The plaintiffs never responded to this letter. In light of this information, the Court decided the plaintiffs had failed to ask for a hearing or submit it without a hearing in the time frame set by Judge Conrad, and accordingly denied the motion as moot.

However, with its motion for reconsideration, the plaintiffs attached various emails between themselves, the defendants, and Judge Conrad's chambers. These emails indicate that the plaintiffs had attempted to schedule a hearing with the defendants and Judge Conrad's chambers, but the parties had been unable to set the hearing before the case was transferred to me. These communications began in October 2017, within the time frame the parties were required to set a hearing or submit the motion without a hearing.

To prevail on a motion for reconsideration under Federal Rule of Civil Procedure 60(b), "a party must demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017). The party then must satisfy one of six specific subsections of the rule. *Id.* As relevant here, Rule 60(b)(1) states that "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." *See also Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 413 (4th Cir. 2010). And Rule 60(b)(6) additionally provides a catch-all category for relief ("any other reason that justifies relief.").

The Court is inclined to grant the motion for reconsideration of the motion to compel. *See Fobian*, 164 F.3d at 891. The motion for reconsideration was filed thirty days after the entry of judgment. *C.f. CVLR Performance Horses, Inc. v. Wynne*, No. 6:11-CV-00035, 2012 WL 5465024, at *3 (W.D. Va. May 23, 2012). It provides undisputed evidence that the defendants and Judge Conrad's chambers were aware the plaintiffs had sought a hearing on the motion. *C.f. Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) ("A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim."). Because the defendants were aware, the Court finds that any prejudice is not unfair. And the communications with Judge Conrad's chambers and the subsequent transfer of the case provide the necessary exceptional circumstance. The motion to compel was denied on the mistaken belief the plaintiffs had let the motion languish without discussing it with the Court or the defendants. Accordingly, this is the rare situation where the Court is inclined to grant the motion for reconsideration.

3

The Court is also inclined to grant the motion for reconsideration of its order granting the motions for summary judgment. As the Court noted in its order granting those motions, the plaintiffs' opposition to the motions for summary judgment did not address many of the facts established by the defendants and it contained only two pages of response to the defendants' arguments in favor of summary judgment. (Dkt. 77 at ECF 7–9). This brevity was partially due to the plaintiffs' belief that some discovery materials had not been provided. The above issues surrounding the motion to compel are intertwined with the motions for summary judgment. Because the Court is inclined to reconsider its order denying the motion to compel, it is also inclined to reconsider its order granting the motions for summary judgment.

Given the pendency of the appeal, the Court cannot issue an order addressing these motions at this point, but "[p]ursuant to the procedure outlined in *Fobian*, the parties may request a limited remand from the Fourth Circuit for this purpose." *Hudson v. Pittsylvania Cty., Va.*, No. 4:11CV043, 2014 WL 10402067, at *3 (W.D. Va. Aug. 4, 2014); *Fobian*, 164 F.3d at 891 ("If the district court is inclined to grant the motion, it should issue a short memorandum so stating."). The Clerk of the Court is hereby directed to send a copy of this Memorandum Opinion to Plaintiffs, Defendants, and all counsel of record.

Entered this 16th day of April, 2018.

*[signature: Norman K. Moon]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE